IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROMEL ABU-FAKHER,**

       **Plaintiff,**

                CIVIL ACTION
  **vs.**              No. 05-3227-GTV

**MIKE POSILLICO, et al.,**

       **Defendants.**

<u>**ORDER**</u>

  This matter is before the court on a civil complaint filed by a prisoner incarcerated in Hutchinson Correctional Facility in Hutchinson, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

  Pursuant to 28 U.S.C. 1915(b)(1), plaintiff must pay the full $250.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied,

---

  [1]<u>See</u> <u>Abu-Fakher v. Brodie</u>, Case No. 04-3168-JAR (remainder of $150.00 district court fee); <u>Abu-Fakher v. Brodie</u>, Appeal No. 05-3132 ($255.00 appellate fee).

however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).

Alleging jurisdiction for this action under 42 U.S.C. 1983, 28 U.S.C. 1332, and 28 U.S.C. 1343, plaintiff seeks declaratory judgment and damages from Mike Posillico and unnamed individuals, all identified as "Agents and/or Directors, United States Department of State, Protective Intelligence Division." Plaintiff states he worked with defendants to prevent terrorist attacks against targets in Thailand in 1991, and claims promises made to him for his safety and for a $5-7 million reward payment have not been honored.  He seeks a declaratory judgment that defendants' deliberate indifference and negligence have resulted in plaintiff's loss of his family, property, and liberty.  He also seeks payment of the promised reward, minus monies paid to him in 1991 and 1992.

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being dismissed as stating no claim for relief.  <u>See</u> 28 U.S.C. 1915A(a) and (b)(court to screen civil complaint filed by prisoner to identify cognizable claims and dismiss complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief).

To allege a valid claim under 42 U.S.C. 1983, "a plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Because the defendants named in this action are identified as federal agents, no action by a person acting under color of state law is presented, thus no claim for relief under 42 U.S.C. 1983 is stated.

Even if diversity jurisdiction could be assumed under 28 U.S.C. 1332, any such claim for relief would be time barred. See K.S.A. 60-512 (three year limitation period applies to actions "upon contracts, obligations or liabilities expressed or implied but not in writing"); K.S.A. 60-513(a)(2) and (4)(two year limitation period applied "to action for taking, detaining or injuring personal property, including actions for the specific recovery thereof, ...[and to] action for injury to the rights of another, not arising on contract").

To the extent plaintiff asserts jurisdiction under 28 U.S.C. 1343 to seek damages pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), plaintiff must present sufficient factual support for finding a federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff. Here, not only are plaintiff's allegations insufficient to establish any cognizable claim of constitutional significance, but it appears relief under Bivens would now be time barred by the two-year limitations period applicable to plaintiff's claim. See Industrial Constructor's Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994) (applying state statute of limitations for personal injury to Bivens claims).

Accordingly for the reasons stated herein, plaintiff is directed to show cause why the complaint should not be dismissed as stating no claim for relief.[2] See 28 U.S.C. 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 24th day of May 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge

---

[2] Plaintiff is advised that dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) counts as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."