```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ROMEL ABU-FAKHER,**

                  **Plaintiff,**

                                          CIVIL ACTION
      **vs.**                                        No. 05-3227-SAC

**MIKE POSILLICO, et al.,**

                  **Defendants.**

<u>ORDER</u>

    Plaintiff, a prisoner incarcerated in Hutchinson Correctional Facility in Hutchinson, Kansas, proceeds pro se and in forma pauperis on a civil complaint seeking declaratory judgment and damages from Mike Posillico and unnamed individuals, identified as "Agents and/or Directors, United States Department of State, Protective Intelligence Division," with whom plaintiff states he worked to prevent terrorist attacks against targets in Thailand in 1991. Plaintiff claims promises for his safety and for a $5-7 million reward payment have not been honored. As jurisdiction for his complaint, plaintiff seeks relief under 42 U.S.C. 1983 for the alleged violation of his constitutional rights, and alleges diversity jurisdiction under 28 U.S.C. 1332.

    The court screened the complaint as required by 28 U.S.C. 1915A, and directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. <u>See</u> 28 U.S.C. 1915A(a) and (b)(court to screen civil complaint filed by prisoner to identify cognizable claims and dismiss complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from

such relief). Specifically, the court first found no claim for relief was stated under 42 U.S.C. 1983 because plaintiff alleged no conduct by a defendant acting under color of state law. Second, the court found that even if diversity jurisdiction could be assumed, any such claim for relief would be time barred. See K.S.A. 60-512 (three year limitation period applies to actions "upon contracts, obligations or liabilities expressed or implied but not in writing"); K.S.A. 60-513(a)(2) and (4)(two year limitation period applied "to action for taking, detaining or injuring personal property, including actions for the specific recovery thereof, ...[and to] action for injury to the rights of another, not arising on contract"). Third, to the extent the complaint could be construed as asserting jurisdiction to seek damages pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the court found plaintiff's allegations were insufficient to establish any cognizable claim of constitutional significance, and found relief in a <u>Bivens</u> action would be time barred.

In response, plaintiff broadly argues defendants have been deliberately indifferent to plaintiff's safety, to the security of plaintiff and hiss family, and to promises extended in return for plaintiff's assistance to the United States. However, plaintiff does not address why he waited so long to seek relief in federal court on these allegations, and identifies no untoward interference in his access to the courts during the limitation periods applicable to his claims. Although plaintiff argues the complaint must now proceed with discovery, a response from defendants, and an investigation of his claims, the court is convinced on the face of the record that the complaint should be

dismissed because this action is untimely filed.[1]  See 28 U.S.C. 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS, THEREFORE, BY THE COURT ORDERED that the complaint is dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 26th day of July 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] *See also* Tenet v. Doe, __ U.S. __, 125 S.Ct. 1230 (U.S. March 2, 2005)(applying longstanding rule in Totten v. United States, 92 U.S. 105 (1876), which prohibits suits against the government based on covert espionage agreements).